UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LIV MOVIES LTD.,

Plaintiff,

v.

AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; and DOES 1- 50, inclusive,

Defendants.

Case No.: 26-cv-3528-RSH-AHG

**ORDER GRANTING MOTION TO DISMISS CLAIMS TWO AND THREE**

[ECF Nos. 12, 13]

On September 23, 2026, defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). ECF No. 13. The motion has been fully briefed. *See* ECF Nos. 14, 15. As set forth below, the Court grants the motion.

## I. BACKGROUND

On June 12, 2026, plaintiff LIV Movies Ltd. filed this lawsuit against Amazon and Doe defendants. ECF No. 1. On August 7, 2026, Amazon filed a motion to dismiss the Complaint. ECF No. 7. On August 26, 2026, Plaintiff filed the FAC. ECF No. 8. On September 23, 2026, Amazon filed a motion to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). ECF No. 13-1 at 3.

The FAC alleges as follows. Plaintiff is a motion picture production company and the author and copyright owner of the film *Agents*. ECF No. 8 at 4. On October 4, 2024, the copyright for *Agents* became effective under Registration No. PA 2-493-059. *Id.*

Without authorization, Defendants sold and distributed infringing DVD copies of *Agents* to customers in the United States and India via amazon.com. *Id.* The listing was active from at least October 12, 2025, until June 16, 2026. *Id.* at 4-5. The infringing DVDs are shipped from Defendants' warehouse. *Id*. at 6. Amazon represents themselves as the seller on the website platform and in the physical packing slip when a DVD is purchased. *Id.* at 5-6.

On October 12, 2025, Plaintiff transmitted to Defendants a notice of the infringement via email. *Id.* at 5. In March 2026, Plaintiff sent Defendants another letter via email. *Id.* at 6. Plaintiff did not receive a response to either communication. *Id.* The FAC brings claims for: (1) copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement. *Id.* at 7-10.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "disregard[s] '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "After eliminating such unsupported legal conclusions, we identify 'well-pleaded factual allegations,' which we assume to be true, 'and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

///

## III. ANALYSIS

### A. Secondary Copyright Infringement

Defendants do not seek to dismiss Plaintiff's first cause of action for direct copyright infringement. ECF No. 13-1 at 3. Defendants move to dismiss Plaintiff's second and third causes of action for contributory and vicarious copyright infringement. *Id.*

"As a threshold matter," a plaintiff must show a "direct infringement by third parties" to plead contributory or vicarious copyright infringement. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007); *see A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2000) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."). Defendants argue that Plaintiff's secondary liability claims fail because "[t]he FAC identifies no such third party and alleges no act by one." ECF No. 13-1 at 3. The Court agrees.

The FAC states that the contributory and vicarious liability claims are "pleaded in the alternative to the First Cause of Action, to the extent Defendants contend that a third party rather than Defendants reproduced, supplied, or sold the Accused DVDs." ECF No. 8 at 8-9. Anticipating Defendants' contention is not, however, a factual allegation establishing direct copyright infringement by a third party. The FAC does not allege that a third party infringed Plaintiff's copyright. *See Klauber Bros., Inc. v. H & M Hennes & Mauritz LP*, No. CV 18-3507-MWF (SSX), 2018 WL 6985316, at *1 (C.D. Cal. Dec. 11, 2018) ("Plaintiff fails to identify direct copyright infringement by a particular third party, or any third party."); *McGucken v. Chive Media Grp., LLC*, No. CV 18-01612-RSWL-KS, 2018 WL 3410095, at *4 (C.D. Cal. July 11, 2018) ("Plaintiff does not plead sufficient facts to indicate that direct infringement by a third party occurred.").

The Court concludes that Plaintiff does not plead sufficient facts supporting secondary liability infringement by a third party. *See Bluprint Clothing Corp. v. QVC, Inc.*, No. 2:23-CV-03805-SPG-MAA, 2024 WL 1829616, at *4 (C.D. Cal. Feb. 8, 2024) ("Plaintiff's [complaint] . . . contains no allegations that any third party infringed its

copyright.”); *Klauber Bros., Inc.*, 2018 WL 6985316, at *6 (“Plaintiff has failed to plead sufficient facts to indicate that a third party directly infringed the [protected] [d]esigns.”).

**B. Leave to Amend**

“Rule 15(a) declares that leave to amend shall be freely given when justice so requires[.]” *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). Here, the deficiencies identified with the second and third causes of action could be cured by amendment. Accordingly, the Court grants Plaintiff leave to file a second amended complaint.

**IV. CONCLUSION**

For the foregoing reasons, Defendants’ Motion to Dismiss (ECF No. 13) is **GRANTED**. The second and third causes of action in the FAC are **DISMISSED**. The Court **GRANTS** Plaintiff leave to file a second amended complaint, if Plaintiff chooses to do so, within **thirty (30) days** of the date of this order. If Plaintiff does not timely file a second amended complaint, Defendants’ response to the FAC is due within 14 days after Plaintiff’s deadline to amend.

The uncorrected version of Defendants’ motion (ECF No. 12) is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: November 4, 2026

Hon. Robert S. Huie
United States District Judge